reversed, and a new trial ordered. 118 N. Y. 413, 23 N. E. Rep. 569. On the second trial defendants obtained a judgment, which was affirmed on appeal to the general term, (15 N. Y. Supp. 113,) and plaintiffs appealed to the court of appeals. Pending the first appeal, certain moneys were deposited by the assignee with the United States Trust Company, under order of the court, subject to its further order; and on reversal of the judgment on the appeal of the assignee the deposit was by order of April 29, 1891, ordered to be returned to the assignee. This motion was made by the assignee for an amendment of such order by directing the assignee to pay such moneys, amounting to $5,346.40, to Drexel, Morgan & Co., the first preferred creditors in the general assignment.

Argued before VAN BRUNT, P. J., and DANIELS, J.

*Bangs, Stetson, Tracy & MacVeagh,* for appellants. *Franklin Bien,* for respondents.

DANIELS, J. The money affected by this appeal was deposited by the assignee with the United States Trust Company during the pendency of an appeal involving the validity of a general assignment for the benefit of creditors. The deposit was made under an order of this court, subject to its further order. The assignee was successful in his appeal to the court of appeals, and, as no further object was to be subserved by retaining the deposit after that, it was directed to be returned to the assignee. He now desires to pay it over to the first preferred creditors, and applied for an order directing that to be done. But if that should, under the present circumstances, be paid over to such creditors, it must be under the authority of the direction contained in the assignment. The assignee does not hold the money subject to the order of this court on motion, but he holds it subject only to the direction contained in the assignment. If the case were before this court for the settlement of his accounts and the distribution of the estate under the authority conferred by the statutes relating to general assignments, a very different question would then be presented. But that is not its condition. Neither has an action been brought for the recovery of the money by the creditors; but the appeal to the court is by a summary application, to order the assignee to do an act which the court in this proceeding has no authority to control. If the assignment directs the assignee to make this disposition of the money, that is the authority under which he must act. He cannot, by a mere motion, invoke the decision of this court on the point whether he shall, or shall not, conform to the direction contained in the assignment. The order denying the motion was rightly made, and it should be affirmed, with $10 costs and the disbursements.

---

HASKELL *et al. v.* DRUMMOND.

(*Supreme Court, General Term, First Department.* October 16, 1891.)

PLEADING—ACTION FOR INJUNCTION—MOTION TO MAKE MORE DEFINITE.
  In an action to restrain defendant from prosecuting summary proceedings to remove plaintiffs from certain premises, wherein the complaint alleges that an action has been commenced and a complaint served in such summary proceeding without tendering any other issue, the complaint cannot be made more definite and certain, and a motion for that purpose must be denied.

Appeal from special term, New York county.

Action in equity by Ezra Haskell and Peter T. Radiker against Robert W. Drummond, to restrain defendant from prosecuting summary proceedings to remove plaintiffs from certain premises in the city of New York. From an order denying a motion to make the complaint more definite and certain defendant appeals.

Argued before VAN BRUNT, P. J., and DANIELS and INGRAHAM, JJ.

*Abel Crook,* for appellant.   *Platt & Bowers, (John M. Bowers* and *S. G. Reed,* of counsel,) for respondents.

PER CURIAM.   The allegation in the complaint being only that an action has been commenced, and a certain complaint served therein, a copy of which is annexed, and that being the only issue tendered, there is nothing to be made more definite and certain.   The order appealed from should therefore be affirmed, with costs.